sense and fix an amount of damages that, in accordance with the evidence and the law, will fairly compensate the plaintiff for all of the injuries, if any, you determine were suffered as a result of Stop & Shop's actions.

Devitt & Blackmar, § 103.21.

### 30. PUNITIVE DAMAGES / INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

In addition to the damages of which I have been speaking and that are designed to compensate Mr. Bell for his injuries and losses, the plaintiff claims additional damages that we call punitive damages. In order to recover them, the plaintiff must prove that the wrong done to him arose from malice, that is, from some improper or unjustifiable motive or intent; or that Stop & Shop acted wantonly, that is, was aware or should have been aware, from its knowledge of the circumstances, that its conduct naturally or probably would harm the plaintiff.

If the plaintiff has proven to you that the conduct of Stop & Shop have any one of these characteristics I have just described to you, then he is entitled to an award for punitive damages to compensate him for his losses. The measure of punitive damages includes the reasonable litigation expenses incurred, including counsel fees in prosecuting this action.

O'Malley & Grenig, § 129.40.

### 31. DAMAGES GENERALLY

The law holds Stop & Shop responsible for all injuries resulting in whole or in part from its acts, even if you should find that Stop & Shop could not reasonably have foreseen or anticipated the full extent, nature or consequence of such injury.

You are not to permit bias or prejudice to enter into the consideration, nor sympathy for

the plaintiff. Damages must be reasonable. In the event that your verdict is for the plaintiff, you may award only such damages as will compensate fairly and reasonably the plaintiff for the injury or damage you find from a preponderance of the evidence Mr. Bell sustained as a result of Stop & Shop's acts.

You are not permitted to award speculative damages. This means you are not to include in any verdict compensation for prospective loss that, although possible, is wholly remote or left to conjecture and/or guess.

If you should find the plaintiff is entitled to a verdict, in fixing the amount of your verdict you may not include in an otherwise just award any sum for the purpose of punishing Stop & Shop or to set an example. Nor does the law permit you to include in your award any sum for the payment of court costs or attorney fees.

The fact that I have instructed you as to the proper measure of damages should not be construed as suggesting my view as to which party is entitled to prevail in this case. Instructions as to the measure of damages are given for your guidance in the event you find from the evidence in favor of the plaintiff.

O'Malley & Grenig, § 128.01.

## 32.  RETURN TO THE COURTROOM

If, in the course of your deliberations, your recollection of any part of the testimony should fail, or you have a question about my instructions to you on the law, it is your privilege to return to the courtroom for the purpose of having such testimony or instructions read to you. In that event, please prepare a note signed by the foreperson specifying clearly what testimony or portion of the instrument you wish, and knock on the door. The sheriff will deliver the note to

me and I will have you returned to the courtroom where I will respond to your inquiry. O'Malley & Grenig, § 103.50.

### 33. JURY VERDICT

When you are in the jury room, listen to each other, and discuss the evidence and issues in the case among yourselves. Each of you has the duty to consult with one another, and to deliberate in an effort to agree unanimously on a verdict, if you can do so without violating your individual judgment and conscience. While each of you must decide the case for yourself, and not merely acquiesce in the conclusion of your fellow jurors, you should examine the issues and the evidence before you with candor and frankness, and with proper regard for the opinions of each other. Remember, in your deliberations, that the dispute between the parties is important. They and the court rely upon you to give full and conscientious deliberation and consideration to the issues and evidence before you. By so doing, you carry out your oaths as jury men and women to well and truly try the issues of this case and to render a unanimous verdict. Your verdict will be in writing entered on the appropriate verdict form.

**[After jury is dismissed, give the following instruction.]**

### 34. POST-VERDICT COMMUNICATIONS

You have now concluded your service as jurors. Jurors often ask whether they can discuss their jury experience with others. Under our law, that decision remains solely with each one of you. If you wish to discuss your jury service with others when you are asked about it, or even if you are not asked, you may do so. On the other hand, if you choose not to discuss your jury service with others, you may refuse to do so. The choice is yours. It is your right to decide whether to speak or not speak about your experiences.

Dated: November 19, 2003

                Respectfully submitted,
                SEYFARTH SHAW, LLP
                DEFENDANT
                STOP & SHOP SUPERMARKET COMPANY

                By _____
                   Lynn A. Kappelman, Esq. (ct 03480)
                   lkappelman@seyfarth.com
                   Damian W. Wilmot, Esq. (ct 419418)
                   dwilmot@seyfarth.com
                SEYFARTH SHAW
                Two Seaport Lane, Suite 300
                Boston, MA 02210
                (617) 946-4800
                (617) 946-4801

Local Counsel:
Douglas Varga, Esq.
Zeldes, Needle & Cooper
1000 Lafayette Blvd.
Bridgeport, CT 06604

### CERTIFICATE OF SERVICE

I hereby certify that on November 19, 2003 a copy of the foregoing document was sent by first class mail, postage prepaid to Morris Busca, Esq., Gesmonde, Pietrisimone, Sgrignari & Pinkus, LLC, 3127-3129 Whitney Avenue, Hamden, CT 06518.

_____
Damian W. Wilmot

34

BO1 15611546.1