UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

PATRICK B. BELL : CIVIL ACTION NO.
: 3:01CV01961 (EBB)
       Plaintiff, :
VS. :
:
STOP & SHOP SUPERMARKET : January 12, 2004
COMPANY :
:
       Defendant. :

**DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE DEFENDANT'S TWO PROPOSED SUMMARY EXHIBITS AND EXHIBITS BB THROUGH XX**

Defendant Stop & Shop Supermarket Company ("Stop & Shop" or "Defendant") hereby opposes Plaintiff Patrick Bell's ("Plaintiff") Motion in Limine to exclude Defendant's two proposed summary exhibits and exhibits BB through XX (hereinafter Plaintiff's Motion"). In his Motion, Plaintiff argues that the Court should exclude Defendant's summaries, and the underlying documentation, because Plaintiff has not had sufficient opportunity to depose the employees contained in the summaries or "otherwise verify the accuracy of the underlying events to which the proposed documents are offered." This Court should deny Plaintiff's motion because the charts are really summaries of relevant information pursuant to Federal Rule of Evidence 1006, and they will assist the jury in digesting Defendant's voluminous evidence which is contained in the charts. In addition, Plaintiff has many, if not all of, the documents underlying Defendant's "Employee Stealing Time Chart" since the race of the individuals Stop & Shop terminated for stealing time has been an issue in the case since Plaintiff filed it. With respect to the "Summary of Arbitrations" chart, Stop & Shop's counsel explained to Mr. Bell's counsel during their pre-trial discussions that she intended to introduce information concerning the fate of Mr. Bell's comparators who had unsuccessfully arbitrated their termination claims with Stop & Shop. Indeed, when counsel first sent the charts to opposing counsel, she offered to produce

ORAL ARGUMENT REQUESTED
BO1 15620503.1

the underlying documentation to support the charts. Plaintiff is welcome to review the documents which Stop & Shop summarized in preparing the Summary of Arbitrations.

## ARGUMENT

### Defendant's Exhibit is a Chalk

Plaintiff claims that this Court should exclude Defendant's summaries of the exhibits because they were not on Defendant's initial exhibit list. First, Plaintiff has modified his own exhibit list since the parties first submitted their respective lists to the Court.

Second, Defendant's summaries are chalks and not the types of exhibits which the Court necessarily meant to include in its Standing Order. The Federal Rules anticipate that such summaries will be prepared just prior to trial.

Pursuant to Fed. R. Evid. 1006

"The contents of voluminous writings recordings or photographs which cannot conveniently be examined in court may be presented in the form of a chart, summary or calculation. The originals, or duplicates shall be made available for examination or copying or both by other parties at a reasonable time and place. The court may order that they be produced in Court."

Finally, the Standing Order is clear that the Court may exercise its discretion to permit the parties to introduce exhibits after the submission of its pretrial list "for good cause shown." Local Rules of Civil Procedure, Standing Order regarding Trial Memoranda in Civil Cases. paragraph 11.

### Plaintiff Has Many, If Not All, Of The Documents Underlying Defendant's "Employee Stealing Time Chart"

The question of whether or not Stop & Shop has terminated both black and white employees for stealing time is the seminal issue which the jury will decide in this case. Similarly, the question of whether Stop & Shop has reinstated both black and white employees

2

BO1 15620503.1

after their terminations is central to Plaintiff's claims. This should not come as a surprise to Plaintiff, nor is he prejudiced by Defendant's chart summarizing the same voluminous information. Indeed, during discovery, Plaintiff requested documentation concerning Stop & Shop's decision to terminate certain specific individuals contained on the current Stealing Time Chart, and Defendant provided it. Defendant even introduced a similar chart in its Memorandum in Support of its Summary Judgment Motion explaining that Stop & Shop terminated both black and white employees for stealing time. In its summary judgment brief, Defendant also supplemented that chart with additional information showing that it had reinstated both black and white individuals after terminating them. Plaintiff is neither prejudiced, nor should he be surprised by, Defendant's chart summarizing information which both sides have long agreed is central issue in the case.

### Defendant Has Repeatedly Offered Plaintiff The Opportunity To Review The Documents Underlying The Summary Of Arbitrations Chart

Stop & Shop's counsel explained to Mr. Bell's counsel during their pre-trial discussions that she intended to introduce information concerning the fate of Mr. Bell's comparators who had arbitrated their termination claims with Stop & Shop. In this trial, Stop & Shop intends to proffer evidence that the union did not lobby for Mr. Bell, and Stop & Shop did not reinstate him, because the Company never reinstates any employee once the independent arbitrators from the Connecticut Mediation and Arbitration Board have upheld the Company's termination decision. The Summary of Arbitrations chart merely illustrates that for the three year period prior to Mr. Bell's termination, Stop & Shop refused to reinstate **any** employee, regardless of his race, when the independent panel of three arbitrators upheld its termination decision. Indeed, when Stop & Shop's counsel first sent the charts to opposing counsel, she offered to produce the underlying documentation to support the Summary of Arbitration charts. That offer remains

3

BO1 15620503.1

open. Pursuant to Fed. R. Evid. 1006, Defendant will provide Plaintiff the documents which Stop & Shop summarized in preparing the Summary of Arbitrations for his review.

## CONCLUSION

Defendant's two chalks will assist the jury in understanding the voluminous information which Stop & Shop intends to present regarding Mr. Bell's comparators. In addition, since Plaintiff has many of the documents underlying the "Stealing Time Chart," and may review the information underlying the "Summary of Arbitrations" chart, he will not be prejudiced if this Court admits these chalks into evidence. This Court should deny Plaintiff's Motion in Limine to exclude Defendants two proposed summary exhibits and the supporting documentation contained in Exhibits BB through XX.

Respectfully submitted,

SEYFARTH SHAW

By _____
Lynn A. Kappelman, Esq.
Damian W. Wilmot, Esq.
World Trade Center East
Two Seaport Lane, Suite 300
Boston, Massachusetts 02210
(617) 946-4800
Attorneys for Defendant
Stop & Shop Supermarket Company

4

## CERTIFICATE OF SERVICE

I certify that on January 12, 2004, I caused to be served true and correct copies of the foregoing pleading via overnight mail, on:

>   Morris J. Busca, Esq.
>   GESMONDE, PIETRISIMONE,
>   SGRIGNARI & PINKUS, LLC
>   3127-3129 Whitney Avenue
>   Hamden, CT 06518

_____
Lynn A. Kappelman