UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

PATRICK B. BELL : CIVIL ACTION NO.
: 3:01CV01961 (EBB)
Plaintiff, :
VS. :
:
STOP & SHOP SUPERMARKET : January 12, 2004
COMPANY :
:
Defendant. :

FILED
JAN 13

**DEFENDANT'S MEMORANDUM IN OPPOSITION TO MOTION TO EXCLUDE EVIDENCE CONCERNING EEOC DISMISSAL**

Defendant Stop & Shop Supermarket Company ("Stop & Shop" or "Defendant") hereby opposes Plaintiff Patrick Bell's ("Plaintiff") Motion to Exclude Evidence concerning the EEOC's dismissal of Plaintiff's race discrimination claims. In his motion, Plaintiff argues that the Court should exclude the EEOC's decision pursuant to Fed. R. Evid. 403. He alleges that any probative value of the EEOC's decision is outweighed by its potential prejudicial effect. In this Circuit, the decision of whether or no to admit an agency ruling has been left to the sound discretion of the Court. Many courts have admitted such evidence to the jury with an appropriate limiting instruction.

## ARGUMENT

The Supreme Court has held that Prior administrative findings made with respect to an employment discrimination claim <u>are</u> admissible under the exception to the hearsay rule pertaining to public records and investigatory files. <u>Chandler v. Roudebush</u>, 425 U.S. *40, 863 n. 39, 48 L.Ed 2d. 416, 96 S. Ct 1949 (1976)(emphasis added); Fed R. Evid. 803(8)(C). Specifically, the agency decision is admissible "unless the sources of information or other circumstances indicate lack of trustworthiness." Fed R. Evid. 803 (8)(C). Since Mr. Bell offers no evidence that the EEOC determination is untrustworthy, the Court should fund that the EEOC

ORAL ARGUMENT REQUESTED
BO1 15620261.1

finding is admissible. under Fed. R. Evid 803 (8)(C). Strauss v. Microsoft Corp., 1995 U.S. Dist. LEXIS 7433, at *7-8 (S.D.N.Y. June 1, 1995) (admitting EEOC finding with limiting instruction because "the fact that an investigator, trained and experienced in the area of discriminatory practices and the various methods by which they can be secreted, has found that it is likely that such an unlawful practice has occurred [or has not occurred], is *highly probative* of the ultimate issue involved in such cases") (citation omitted; emphasis added; collecting cases)

Once an administrative finding passes muster under Rule 803, the Court next must determine whether the probative value of admitting such evidence is substantially outweighed by the danger of unfair prejudice, confusion of the issues or misleading the jury, or by considerations of undue delay, waste of time or the needless presentation of cumulative evidence. See Fed R. Evid. 403. Ultimately the decision of whether to admit an agency finding is within the sound discretion of the Court.

In this instance, as in Strauss, the Court must conclude that the probative value of the EEOC determination is not outweighed by the danger of unfair prejudice or any other relevant consideration. An EEOC decision is not binding on either the Court or the jury, "and is to be given no more weight than any other testimony given at trial." Strauss at 7, citing Smith v. Universal Servs., Inc., 454 F.2d 154, 157 (5th Cir, 1972).

In some instances in this Circuit, out of an abundance of caution, Courts have admitted agency determinations but have provided the jury with a limiting instruction at the appropriate time to guard against potential prejudice. See Enilo v. Port Authority, 1996 U.S. Dist. Lexis 6344, at 10-11 (S.D.N.Y. May 8, 1996)(denying plaintiff's motion in limine to exclude subject to limiting jury instruction and holding that "the probative value of admitting the document was not outweighed by the danger of unfair prejudice, confusion of the issues, or of misleading the jury")

(collecting cases). If this Court is concerned about the prejudicial effect of the EEOC's dismissal of Mr. Bell's charge, it too can issue a limiting instruction to the jury.

## CONCLUSION

Wherefore, since the probative value of the EEOC investigator's findings clearly outweighs the prejudicial effect that this may have upon the jury, Stop & Shop respectfully requests that this court deny Plaintiff's motion in limine to exclude this evidence and permit Stop & Shop to introduce it at trial.

Respectfully submitted,

SEYFARTH SHAW

By_____
Lynn A. Kappelman, Esq.
Damian W. Wilmot, Esq.
World Trade Center East
Two Seaport Lane, Suite 300
Boston, Massachusetts 02210
(617) 946-4800
Attorneys for Defendant
Stop & Shop Supermarket Company

## CERTIFICATE OF SERVICE

I certify that on January 12, 2004, I caused to be served true and correct copies of the foregoing pleading via overnight mail, on:

>   Morris J. Busca, Esq.
>   GESMONDE, PIETRISIMONE,
>   SGRIGNARI & PINKUS, LLC
>   3127-3129 Whitney Avenue
>   Hamden, CT 06518

              Lynn A. Kappelman