UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| PATRICK B. BELL | : CIVIL ACTION NO. |
| | : 3:01CV01961 (EBB) |
| Plaintiff, | : |
| VS. | : |
| | : |
| STOP & SHOP SUPERMARKET | : January 12, 2004 |
| COMPANY | : |
| | : |
| Defendant. | : |

**DEFENDANT'S MOTION *IN LIMINE* TO BAR PLAINTIFF FROM REFERRING TO OR OFFERING TESTIMONY FROM, EMPLOYEES WHO ARE NOT SIMILARLY SITUATED TO PLAINTIFF**

Based on Plaintiff Patrick Bell's ("Bell") proposed witness list and trial exhibits, Defendant Stop & Shop Supermarket Company ("Stop & Shop" or "Company") anticipates that at trial Bell will refer to, and offer or elicit testimony from, certain former and current employees of Stop & Shop who will testify about the circumstances surrounding his or her own receipt of discipline from the Company. As discussed more fully below, the Court should preclude Bell from introducing such evidence to the extent it concerns individuals who are not similarly situated to Bell.

Bell listed, among other witnesses, two employees of Stop & Shop who the Company terminated for violating its Shop Rules, one of whom the Company reinstated following a grievance hearing. Stop & Shop anticipates that Bell intends to have these witnesses testify as to the circumstances that lead to their terminations and, for one of the employees, his reinstatement. Stop & Shop, however, did not discipline either of these employees for sleeping on the job—the infraction the Company terminated Bell for. Indeed, Stop & Shop terminated Thomas Rascati for failing to follow procedures and Arthur Mongillo for drinking alcohol on Company property. Bell also placed a number documents on his proposed exhibits list that evidence warnings Stop & Shop gave to employees for various infractions, such as "unauthorized absence" and "drinking alcohol on Company property."[1] Bell also complied a chart listing employees Stop & Shop

---

[1] Bell identified these documents on his proposed exhibits list as (i) [#22] 1/28/93 Warning of Thomas Rascati (unauthorized absence); (ii) [#23] 2/8/93 Suspension of Thomas Rascati (unauthorized absence); and (iii)

**ORAL ARGUMENT REQUESTED**

disciplined for reasons other than stealing time. Such evidence is irrelevant to the issues in this case, namely whether Stop & Shop terminated Bell's employment for sleeping on the job or because of his race.

## ARGUMENT

Evidence concerning employees who Stop & Shop disciplined for reasons other than sleeping on the job or stealing time is not relevant to this case. While Bell may rely on evidence of an employer's general practice and policies concerning employment of other employees to prove his claims, such evidence must relate to employees who are similarly situated to him. *Haskell v. Kaman Corp.*, 743 F.2d 113, 120-22 (2d Cir. 1984). *In Mazzella v. RCA Global Communications, Inc.*, 642 F. Supp. 1531, 1546-47 (S.D.N.Y. 1986), aff'd, 814 F.2d 653 (2d Cir. 1987), the court outlined the relevant legal principles to be applied when comparing employees in a Title VII context:

> [F]or evidence relating to other employees to be relevant, those employees must be situated similarly to plaintiff. Employees are not "similarly situated" merely because their conduct might be analogized. Rather, in order to be similarly situated, other employees must have reported to the same supervisor as the plaintiff, must have been subject to the same standards governing performance evaluation and discipline, and ***must have engaged in conduct similar to the plaintiff's, without such differentiating or mitigating circumstances that would distinguish their conduct or the appropriate discipline for it.***

(Emphasis added.) Bell's witnesses are not similarly situated to him. Stop & Shop did not find Rascati or Mongillo fast asleep while working. Stop & Shop fired Rascati for failing to following procedures and Mongillo for consuming alcohol in the Company parking lot. Although both infractions were serious enough to warrant Rascati's and Mongillo's terminations, Stop & Shop did not find either person sleeping on the job, an infraction Stop & Shop immediately terminates employees for. Similarly, the warnings Bell includes on his exhibit list as well as his chart of employees concern infractions other than sleeping on the job or stealing time. (See Tab A.) This evidence concerns individuals who are not similarly situated to Bell

---

[#24] 12/8/94 Suspension of Arthur Mongillo (drinking alcohol on company property). These documents are attached hereto at Tab A.

2

and, as such, the Court should preclude Bell from referring to or offering this irrelevant testimony and these extraneous documents at trial.

In Haskell, the Second Circuit held that the District Court should have excluded testimony from former employees concerning their own work history because it was irrelevant and had a prejudicial effect. *Haskell,* 743 F.2d at 120-22. First, the Court held that the Court improperly allowed six former employees to testify concerning the circumstances of their own terminations because such a sampling was not large enough to permit an inference that discrimination effected the employers' decision making. *Id.* at 121. Second, the Court held that "pattern and practice" testimony is inadmissible. *Id.* The Court stated that witnesses' subjective evaluations of their own performance, "aside from presenting unnecessary collateral issues, provide 'no basis for an inference of discrimination.'" *Id.* (Emphasis added; citation omitted.) Since the testimony of Rascati and Mongillo, and evidence of warnings Stop & Shop gave to employees for reasons other than stealing time are insufficient to show a pattern and practice of discrimination, it is not relevant to the question of whether Stop & Shop terminated Bell because of his race. Such evidence will present unnecessary collateral issues meant to prejudice Stop & Shop's case and, therefore, the Court should exclude it.

## CONCLUSION

For the foregoing reasons, Stop & Shop respectfully requests that the Court preclude Bell from referring to evidence, or offering testimony individuals, to the extent such evidence or testimony concerns individuals who are not similarly situated to Bell.

SEYFARTH SHAW

By _____
Lynn A. Kappelman, Esq.
Damian W. Wilmot, Esq.
Two Seaport Lane, Suite 300
Boston, Massachusetts 02210
(617) 946-4800
Attorneys for Defendant
Stop & Shop Supermarket Company

3

## CERTIFICATE OF SERVICE

    I, Damian W. Wilmot, hereby certify that, I have, on this January 12, 2004, sent a copy of the foregoing *Motion in Limine* to the following counsel of record, via facsimile and overnight mail:

        Morris J. Busca, Esq.
        GESMONDE, PIETRISIMONE,
        SGRIGNARI & PINKUS, LLC
        3127-3129 Whitney Avenue
        Hamden, CT 06518

                                              _____
                                              Damian W. Wilmot