UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| PATRICK B. BELL | : CIVIL ACTION NO. |
| | : 3:01CV01961(EBB) |
| Plaintiff, | : |
| VS. | : |
| | : |
| STOP & SHOP SUPERMARKET | : January 12, 2004 |
| COMPANY | : |
| | : |
| Defendant. | : |

**DEFENDANT'S MOTION *IN LIMINE* TO BAR PLAINTIFF FROM REFERRING TO OR OFFERING TESTIMONY FROM, EMPLOYEES WHO MAY CONTEND THAT STOP & SHOP DISCRIMINATED AGAINST THEM BASED ON RACE**

Based on Plaintiff Patrick Bell's ("Bell") proposed witness list, Defendant Stop & Shop Supermarket Company ("Stop & Shop") anticipates that at trial Bell will refer to, and offer or elicit testimony from, certain former and current employees of Stop & Shop who will testify about instances where they believed Stop & Shop discriminated against them based on their race. This he simply cannot do. As set forth below, the Court should preclude Bell from referring to, offering and/or eliciting testimony from, former and current employees because such evidence is (i) unfairly prejudicial to Stop & Shop, (ii) wholly irrelevant to Bell's claims, and (iii) will waste judicial resources by dealing with collateral issues that will simply confuse the jury. Also, the Court should preclude the testimony of Francis Wright because she was/is not similarly situated to Bell and, thus, her testimony is irrelevant.

### ARGUMENT

In response to the Court's Pretrial Order, Bell named former employee Michael Hasty ("Hasty") and current employees Francis Wright ("Wright) and Kevin Langley ("Langley") as potential witnesses at trial.[1] None of these potential witnesses worked the night Stop & Shop terminated Bell for sleeping on the job and, therefore, cannot testify about the seminal issue in

---

[1] Michael Hasty formerly worked as a highlift operator in the Grocery Distribution Center ("GDC"). Stop & Shop terminated his employment on May 4, 2000 for sleeping on the job. Francis Wright worked in the GDC Center as a Receiving Clerk (or clerical associate) until November 27, 2000. She currently on leave from her position as a Customer Service Manager in a store location in Seymour, Connecticut. Kevin Langley works in the GDC as a highlift operator.

**ORAL ARGUMENT REQUESTED**

this case: Did Stop & Shop terminate Bell for sleeping on the job or because of his race? Therefore, Stop & Shop anticipates that Hasty, Wright and Langley, who identify themselves as Black, will testify about instances where they believe Stop & Shop discriminated against them.

First, not even the strongest jury instructions will dull the prejudicial impact of permitting the jury to hear several witnesses recount their own contentions that Stop & Shop discriminated against them. *See, e.g., Haskell v. Kaman Corp.*, 743 F.2d 113, 120-22 (2d Cir. 1984) (concluding that district court erred in allowing witness to testify about their belief that the defendant terminated them due to age discrimination); *see also Sheridan v. E.I. Dupont de Nemours*, 100 F.3d 1061, 1076 (3d Cir. 1996) (upholding exclusion of testimony regarding experiences of another employee because probative value outweighed by potential prejudice); Fed. R. Evid. 403. Therefore the Court should bar Bell from offering such prejudicial testimony.

Second, the alleged treatment of these potential witnesses is not relevant to this case. Rule 602 of the Federal Rules of Evidence makes plain that a witness may only testify to a matter upon which he or she has "personal knowledge." "A witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." Fed. R. Evid. 602. The Court, therefore, should bar Hasty, Wright and Langley from testifying unless and until Bell establishes to the Court, outside the presence of the jury, that they have personal knowledge of the alleged discriminators', Curt Miller and Robert Roddy, purported discriminatory treatment of Bell, and that their testimony will not be based on pure conjecture. *See Marfia v. T.C. Ziraat Bankasi*, 874 F. Supp. 560, 563-64 (S.D.N.Y. 1994) (granting defendant's motion *in limine* precluding plaintiff from testifying as to the departures of six former employees "because it is apparent that plaintiff lacks personal knowledge of the facts in question"). Similarly, the Court should bar Bell from referring to or testifying about Hasty's, Wright's, and Langley's complaints of alleged discrimination unless he proves, outside the presence of jury, that he observed first-hand the facts underlying their complaints. *See Elizarraras v. Bank of El Paso*, 631 F.2d 366, 373-374 (5th Cir. 1980) (concluding that district court committed reversible error in admitting plaintiff's testimony where

he had no personal knowledge and hearsay rule barred him from relating to jury what others had told him).

Moreover, the alleged discriminatory treatment of other Black employees is irrelevant to Bell's claims. Fed. R. Evid. 401. The instant case is a disparate treatment case and, therefore, the only issue how Stop & Shop treated Bell, and why. *See LeBlanc v. Great Am. Ins. Co.*, 6 F.3d 836, 848 (1st Cir. 1993), *cert. denied,* 511 U.S. 1018 (1994). Thus, it is irrelevant to Bell's claims whether Hasty, Wright and Langley believe that Stop & Shop discriminated against them or others.[2]

Further, permitting Hasty, Wright and Langley to recount their own and possibly other purported complaints of discrimination would force Stop & Shop to rebut such testimony with evidence showing that it did not discriminate against any Black employee. The admission of such testimony would result in numerous "mini-trials" on collateral issues and, thus, waste judicial resources. In the end, such evidence will simply confuse the jury, who may impermissibly delve into resolving collateral issues concerning other employees' claims of discrimination. *See* Fed. R. Evid. 403. There, the Court should exclude such testimony on this ground alone.

Finally, the Court should bar Bell from referring to, or offering the testimony of, Francis Wright on the ground that she is/was not similarly situated to Bell, and, thus, her testimony is irrelevant. *See, e.g., Mooney v. Aramo Servs. Co.*, 54 F.3d 1207, 1220-1221 (5th Cir. 1995) (concluding that district court properly excluded and found witnesses' testimony irrelevant because witnesses had different supervisors and worked in different departments from plaintiff); *see also Melnyk v. Adria Lab.*, 799 F. Supp. 301, 316 (W.D.N.Y. 1992) ("differences in

---

[2] To the extent Hasty, Wright and Langley will testify that Curt Miller or Robert Roddy discriminated against, such testimony is classic character evidence offered to prove other alleged bad acts of Miller and Roddy and conformity with other bad acts. As such, the Court should bar such testimony. The admissibility of character evidence is governed by Federal Rule of Evidence 404(b), which prohibits the admission of wrongful acts evidence merely to show a defendant's propensity to commit the acts in question. Here, if Hasty's, Wright's, and Langley's testimony concerns other alleged bad acts of Miller and Roddy, Bell is offering their testimony to prove precisely what 404(b) prohibits--propensity. For that reason alone the testimony should be excluded. Moreover, the admission of evidence under 404(b) is limited by Federal Rule of Evidence 403, which permits the exclusion of relevant evidence if the probative value of that evidence is substantially outweighed by, among other things, the danger of unfair prejudice or confusion. Accordingly, such testimony should be barred at trial.

3

treatment are only probative on the question of discrimination if such individuals are similarly situated to the plaintiff"); *Mazella v. RCA Global Communications, Inc.,* 642 F. Supp. 1531, 1546 (S.D.N.Y. 1986) ("for evidence relating to other employees to be relevant, those employees must be similarly situated to the plaintiff"); Fed. R. Evid. 401. Here, when Wright worked at the GDC, she worked as a Receiving Clerk at the GDC, not as a highlift operator, she did not directly work with or for any of the individuals whom Bell accuses of discrimination, and she did not report to the same supervisor as Bell. Under these circumstances, Wright's testimony is wholly irrelevant to proving Bell's claims of discrimination. Further, the prejudice to Stop & Shop of permitting Wright to testify about conduct having nothing whatsoever to do with the present case clearly outweighs the probative value of her testimony, and, thus, the Court should exclude her testimony for this reason alone.

## CONCLUSION

For the foregoing reasons, Stop & Shop respectfully requests that the Court preclude Bell from referring to, or offering testimony from, employees who may contend that Stop & Shop discriminated against them based on their race, as well as exclude the testimony from Francis Wright because she was/is not similarly situated to Bell.

SEYFARTH SHAW

By _____
Lynn A. Kappelman, Esq.
Damian W. Wilmot, Esq.
World Trade Center East
Two Seaport Lane, Suite 300
Boston, Massachusetts 02210
(617) 946-4800
Attorneys for Defendant
Stop & Shop Supermarket Company

## CERTIFICATE OF SERVICE

    I, Damian W. Wilmot, hereby certify that, I have, on this January 12, 2004, sent a copy of the foregoing *Motion in Limine* to the following counsel of record, via facsimile and overnight mail:

    Morris J. Busca, Esq.
    GESMONDE, PIETRISIMONE,
    SGRIGNARI & PINKUS, LLC
    3127-3129 Whitney Avenue
    Hamden, CT 06518

                                                Damian W. Wilmot

BO1 15620520.1