UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

Jan 13   3 16 PM '04

PATRICK B. BELL                        :  CIVIL ACTION NO.
                                       :  3:01CV01961 (EBB)
           Plaintiff,                  :
VS.                                    :
                                       :
STOP & SHOP SUPERMARKET                :  January 12, 2004
COMPANY                                :
                                       :
           Defendant.                  :

**DEFENDANTS' MOTION *IN LIMINE* TO PRECLUDE
EVIDENCE CONCERNING TIME-BARRED CLAIMS**

Defendant Stop & Shop Supermarket Company ("Stop & Shop" or "Defendant") hereby moves this Court *in limine* for an order pursuant to Fed. R. Evid. 403 precluding plaintiff Patrick Bell ("Plaintiff") from introducing, or referring at trial, to any evidence regarding claims arising before October 17, 1998. Plaintiff filed his Complaint in this action on October 17, 2001, and the statute of limitations applicable to Plaintiff's claims of race discrimination is three years under Title VII, 42 U.S.C. section 2000e-5.

Defendant submits that any testimony by Plaintiff concerning the time-barred allegations set forth below will confuse the jury and unduly prejudice Defendant, which has conducted discovery, and is preparing to try this case, within the limits set by the three-year statute of limitations controlling Plaintiff's claims.

Specifically, at his deposition, Plaintiff referred to events and incidents which may have occurred in 1995 and 1996 when he was working at Stop & Shop's Meat Distribution Center ("MDC"). In addition, Plaintiff seeks to introduce documentary and testimonial evidence regarding an alleged undated grievance which he filed against his managers at Stop & Shop's MDC. In this document (attached hereto as Exhibit A). Plaintiff claims unspecified "discrimination." Plaintiff testified at his deposition that he filed this grievance with his union

ORAL ARGUMENT REQUESTED
BO1 15620244.1

steward in 1997, soon after he received a written warning on September 21, 1997.[1] Plaintiff filed his Complaint in this action on October 17, 2001. Accordingly, Defendant respectfully requests that the Court preclude Plaintiff from introducing evidence concerning these time-barred allegations at trial.

## ARGUMENT

Plaintiff's Complaint recounts his employment history at Stop & Shop. Plaintiff admits that he was employed at Stop & Shop's Meat Distribution Center until January 1998, when he transferred to Stop & Shop's Grocery Distribution Center. Plaintiff alleges that he filed one grievance against Stop & Shop alleging discrimination "before he moved to the GDC" in January 1998 ( Bell Tr. at 94-95). Specifically, Plaintiff testified at his deposition:

> Q - And if we know that you moved January 4, 1998, when did you make your grievance against Mr. Miller?
>
> A. '96, '96 or '97.
>
> Q. So it was at least a year or two before you moved?
>
> A. Yes.

(Bell Tr. at pps. 94-97)

This grievance is not in Plaintiff's personnel file but the Court need not reach the issue of whether it is authentic, or even whether anyone from Stop & Shop has ever seen it. By Plaintiff's own admission, he filed the grievance in late 1997, and all complaints of discrimination occurring prior to October 1998 are time-barred.

Plaintiff admits that he made no complaints of discrimination between the date of this alleged grievance in late 1997, and his termination on September 1, 2000. Indeed, Plaintiff even moved to an entirely separate warehouse, the Grocery Distribution Center ("GDC"), after he

---

[1] Relevant excerpts from the condensed transcript of Plaintiff's June 27, 2002 deposition are attached hereto as Exhibit B.

2

brought this alleged claim of discrimination at the Meat Distribution Center ("MDC") and he has worked there without making any complaints of discrimination until September 2000.

As such, Plaintiff alleges no policy or practice of discrimination, and he has no basis for any argument that this time-barred event is part of any continuing violation. Giardina v. HealthNow NY Inc., 2000 US App. Lexis 23765 (S.D.N.Y. 2000)(to substantiate a claim that an employer engaged in a continuing violation, an employee must show either a connection between the employer's treatment of the employee and any company policy or practice, or that the employer allowed related incidents of discrimination to go unremedied for so long as to amount to a discriminatory policy or practice).

Moreover, to invoke the continuing-violation doctrine, at least some of the conduct alleged to be unlawful must have occurred during the limitations period. Other then his ultimate termination, Mr. Bell does not allege any other discriminatory conduct which occurred between October 1998 and October 2001, the limitations period.

Clearly, these allegations -- in particular the allegations contained in the 1997 grievance-- are beyond the three-year statute of limitation applicable to Plaintiff's Title VII claims and this Court should bar them at trial. See Annis v. County of Westchester, 136 F.3d 239, 247 (2d Cir. 1998) (ruling that district court's failure to exclude evidence of events prior to statute of limitations was "fiercely prejudicial"); Tennison v. Circus Circus Enters., Inc., 244 F.3d 684 (9th Cir. 2001) (trial court did not commit reversible error excluding plaintiff's testimony regarding complaints outside statute of limitations); Malarkey v. Texaco, Inc., 983 F.2d 1204, 1211 (2d Cir. 1993) (affirming Judge Mukasey's exclusion of evidence concerning defendant's decision not to promote plaintiff on six occasions prior to the filing of plaintiff's EEOC charge). See also Perry v. Ethan Allen, Inc., 115 F.3d 143, 150-51 (2d Cir. 1997) (affirming exclusion of evidence regarding alleged sexual harassment occurring over six months prior to the filing of plaintiff's

3

EEOC charge); <u>Martin v. Reno</u>, No. 96 Civ. 7646 (NRB), 2000 U.S. Dist. LEXIS 18278, at *8-9 (S.D.N.Y. Dec. 18, 2000) (trial court excluded evidence pre-dating statute of limitations); <u>Davis v. City of Stamford</u>, No. 3:95 CV 2518 (JGM), 1998 WL 849369 (D. Conn. Nov. 16, 1998) (excluding of evidence regarding alleged discriminatory acts occurring eleven or more months before the limitations period), <u>aff'd</u>, 216 F.3d 1071 (2d Cir. 2000) (table).

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court enter an order precluding Plaintiff from introducing, or referring to at trial, any evidence regarding claims arising before October 17, 1998. Specifically Defendant seek an order to preclude Plaintiff from introducing or referring at trial to any evidence regarding Plaintiff's alleged grievance claiming discrimination in 1997.

Dated: January 11, 2001

                    Respectfully submitted,

                    SEYFARTH SHAW

                    By _____
                    Lynn A. Kappelman, Esq.
                    Damian W. Wilmot, Esq.
                    World Trade Center East
                    Two Seaport Lane, Suite 300
                    Boston, Massachusetts 02210
                    (617) 946-4800
                    Attorneys for Defendant
                    Stop & Shop Supermarket Company