UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| PATRICK B. BELL | CIVIL ACTION NO. |
| Plaintiff, | 3:01CV01961 (EBB) |
| VS. | |
| STOP & SHOP SUPERMARKET COMPANY | January 12, 2004 |
| Defendant. | |

## MOTION *IN LIMINE* TO EXCLUDE FRONT PAY DAMAGES

Defendant Stop & Shop Supermarket Company ("Stop & Shop") respectfully submits this Motion *In Limine* to Exclude Evidence of Front Pay Damages from presentation to the Jury and respectfully submits that should Plaintiff prevail at trial, he is not entitled to front pay damages in this case. Plaintiff should be precluded from submitting to the jury evidence of front pay damages because whether Plaintiff is entitled to front pay and the amount of such front pay, if any, is not a factual issue for the jury, but a legal issue for the Court's equitable discretion. Moreover, Defendant respectfully submits that Plaintiff should not be entitled to front pay in this case because he has either failed to mitigate his damages or failed to supplement his responses to Defendant's discovery requests in accordance with Fed. R. Civ. P. 26(e) and because a front pay award is not necessary to make plaintiff whole.

## ARGUMENT

It is axiomic in this Circuit that the decision whether to award front pay in lieu of reinstatement is an equitable one entrusted to the trial judge. *Dominic v. Consolidated Edison Company of New York, Inc.*, 822 F.2d 1249, 1257 (2d Cir. 1987). *See, e.g., Kirsch v. Fleet Street, Ltd.*, 148 F.3d 149, 169 (2d Cir. 1998) ("The question of whether front pay should be awarded ... is one as to which the parties had no right to a jury trial"). Similarly, this Circuit

**ORAL ARGUMENT REQUESTED**

holds that should the trial judge determine that reinstatement is inappropriate, the amount of a front pay award, if any, is also within the province of the Court, not the jury. *Dominic,* 822 F.2d at 1257 (finding that, because of the large overlap between the facts relevant to whether an award of front pay is appropriate and those relevant to the size of the award, "[dividing] the fact-finding responsibilities in such circumstances would be anomalous and would risk inconsistent decisions.") Thus, whether Plaintiff is entitled to front pay and the amount of front pay award, if any, is within the discretion of the trial judge and therefore evidence relating to such an award should not be submitted to the jury.

Moreover, Plaintiff should not be entitled to front pay in this case because he has failed to exercise reasonable diligence in mitigating his damages; and any back pay award would more than compensate Plaintiff for any alleged wrong doing in this case. *Bonura v. Chase Manhattan Bank, N.A.,* 629 F. Supp. 353, 362 n.3 (S.D.N.Y. 1986) ("where, as here, the Court is not persuaded in the first place that plaintiffs require front pay to be made whole, it would be particularly inappropriate to speculate as to what plaintiffs' future earnings could or should be. Based on its appraisal of Plaintiffs' respective employment opportunities, as well as the periods of front pay sought and the speculative projections that calculation of such front pay awards would require, the Court declines to award front pay...."); *see also Greenbaum v. Svenska Handelsbankan, NY,* 979 F. Supp. 973, 988 (S.D.N.Y. 1997).

Finally, Defendant contends that Plaintiff failed to adequately mitigate his damages by failing to secure any employment from September 1, 2000 to the present. *See Reed v. A.W. Lawrence & Co.,* 95 F.3d 1170, 1182 (2d Cir. 1996) (front pay is limited by plaintiff's "duty to exercise reasonable diligence in mitigating damages by seeking alternative employment"). In the alternative, to the extent Plaintiff has obtained employment, he has failed to supplement his responses to defendant's discovery requests and has failed to update his testimony elicited during

his deposition in contravention of Fed. R. Civ. P. 26(e) and, therefore, should be precluded from seeking front pay damages on this basis alone. *See Morogiannis v. Ceasars World, Inc.*, 1995 WL 217512 (S.D.N.Y. Apr. 11, 1995) (failure of party to supplement discovery prior to summary judgment warranted exclusion of newly-advanced evidence.)

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court enter an Order excluding *in limine* the submission of evidence of front pay to the jury and further requests that if Plaintiff prevails on the issue of liability in this case, this Court decline to award Plaintiff any front pay damages.

SEYFARTH SHAW

By _____
Lynn A. Kappelman, Esq.
Damian W. Wilmot, Esq.
World Trade Center East
Two Seaport Lane, Suite 300
Boston, Massachusetts 02210
(617) 946-4800
Attorneys for Defendant
Stop & Shop Supermarket Company

## CERTIFICATE OF SERVICE

I, Damian W. Wilmot, hereby certify that, I have, on this January 12, 2004, sent a copy of the foregoing *Motion in Limine* to the following counsel of record, via facsimile and overnight mail:

Morris J. Busca, Esq.
GESMONDE, PIETRISIMONE,
SGRIGNARI & PINKUS, LLC
3127-3129 Whitney Avenue
Hamden, CT 06518

_____
Damian W. Wilmot

BO1 15620521.1