UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| PATRICK B. BELL | CIVIL ACTION NO. |
| v. | 3:01CV1961 (EBB) |
| STOP & SHOP SUPERMARKET COMPANY | |

JANUARY 14, 2004

## PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION IN LIMINE TO PRECLUDE EVIDENCE CONCERNING TIME-BARRED CLAIMS

Plaintiff, Patrick B. Bell ("Bell"), hereby submits his opposition to defendant Stop & Shop Supermarket Company's ("Stop & Shop") motion in limine to preclude as time-barred any evidence regarding claims arising before October 17, 1998, pursuant to Fed. R. Evid. 403. The particular document challenged, Bell's 1997 grievance against Supervisor Curt Miller ("Miller") forms the basis of Bell's claim of retaliation under Title VII, 42 U.S.C. §2000 *et seq.* and was included in his May 15, 2001, charge of discrimination before the Equal Employment Opportunity Commission ("EEOC"). Bell's claim of retaliation by Miller is reasonably related to his claim of discriminatory discharge by Miller and is therefore admissible. Defendant cannot claim that it is unfairly prejudiced by the admission of such document since the defendant received notice of the claim and defended against such claim in the EEOC proceedings before suit.

1

Bell was issued a warning for "time out of [his] work area" on September 21, 1997, by Supervisor Curt Miller, the same supervisor who terminated him on September 1, 2000. **See attached Exhibit A.** Although the date included on the top right of the form indicates "9-21-95," the text of the warning notice and the supervising signature indicate "9-21-97." The defendant has agreed that the warning be admitted as a FULL EXHIBIT (Number 2) for the plaintiff.

Bell responded by filing a union grievance which, although undated, refers to the same incident and challenges the warning from "Kurt Miller" for "being out of my work area." **See attached Exhibit B.** In the grievance, Bell alleges discrimination by Miller: "This continued discrimination against me should not be tolerated by myself and should not be condoned by Stop & Shop M.D.C. [Meat Distribution Center] upper management." **Id.**

Bell included the incident and his grievance in his Title VII charge of discrimination which he filed with the EEOC on May 15, 2001. **See attached Exhibit C, ¶¶ 6 & 7.**

The Second Circuit has held repeatedly that a complaint alleging employer retaliation against an employee who has opposed discrimination may be considered "reasonably related" to allegations already raised with the EEOC. *See, e.g., Almendral v. New York State Office of Mental Health*, 743 F.2d 963, 967 (2d Cir. 1984); *Goodman v. Heublein, Inc.*, 645 F.2d 127, 131 (2d Cir. 1981). Additionally, in an action, such as the instant case, in which suit is commenced within the 90 days receipt of the EEOC right-to-sue letter, "the plaintiff may raise any claim that is 'reasonably related' to those asserted in the EEOC filing, even if that claim was not expressly addressed by EEOC." *Cornwall v. Robinson*, 23 F.3d 694, 706 (2d Cir. 1994), *citing, Owens v. New York City Housing Authority*, 934 F.2d 405, 410-11 (2d Cir. 1991), *cert. denied*, 502 U.S.

2

964, 112 S.Ct. 431, 116 L.Ed.2d 451 (1991); *Almendral v. New York State Office of Mental Health,* 743 F.2d 963, 967 (2d Cir. 1984).

"The reasonably related rule has been broadly construed to allow judicial redress for most retaliatory acts arising subsequent to an EEOC filing." *Malarkey v. Texaco, Inc.,* 983 F.2d 1204, 1209 (2d Cir. 1993).

Furthermore, clearly established precedent dictates that "[a] discriminatory act which is not made the basis for a timely charge can still be "relevant background evidence" in a Title VII proceeding. *United Air Lines v. Evans,* 431 U.S. 553, 558, 97 S.Ct. 1885, 1889 (1977). "..[T]he Second Circuit, for example, has found evidence of employment history dating from 1964-74 to be 'arguably relevant' to a Title VII case where the statute of limitations began to run in 1980." *Martin v. Reno,* 2000 WL 1863765 (S.D.N.Y.), *citing, Malarkey v. Texaco, Inc.,* 983 F.2d 1204, 1210 (2d Cir. 1993); *Kimzey v. Wal-Mart Stores,* 107 F.3d 568, 572-73 (8th Cir. 1997)(District Court did not abuse its discretion in introducing relevant background evidence pre-dating the limitations period).

Thus, the 1997 grievance of Bell is relevant under Federal Rules of Evidence 401 and 402 to demonstrate important context for the later allegedly discriminatory behavior of the same supervisor involved in Bell's termination. *See, Delphi v. Dr. Pepper Bottling Co. Of Paragould,* 130 F.3d 349, 353 (8th Cir. 1998)(noting the centrality of employer motivation and behavior to constructive discharge claims.)

Since the defendant defended against plaintiff's 1997 claim of discrimination as contained in his timely EEOC charge of discrimination, it cannot not now claim unfair prejudice pursuant to Fed.R. Evid. 403.

3

Therefore, plaintiff respectfully requests that defendant's motion in limine to preclude from introducing, or referring at trial, any evidence regarding claims arising before October 17, 1998, be denied.

Respectfully submitted.

PLAINTIFF, PATRICK B. BELL

By: _____
Morris J. Busca (ct 20200)
Gesmonde, Pietrosimone & Sgrignari L.L.C.
3127 Whitney Avenue
Hamden, CT 06518-2344
(203) 407-4200

## CERTIFICATION

This is to certify that a copy of the foregoing Plaintiff's Opposition to Defendant's Motion In Limine to Preclude Evidence Concerning Time-Barred Claims was sent via facsimile and first class mail, postage prepaid, this 14th day of January, 2004, to Lynn A. Kappelman, Esq., Seyfarth Shaw, Two Seaport Lane, Suite 300, Boston, Massachusetts 02210-2028.

_____
Morris J. Busca

4