UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| PATRICK B. BELL | * | CIVIL ACTION NO. |
| | * | |
| v. | * | 3:01CV1961 (EBB) |
| | * | |
| STOP & SHOP SUPERMARKET | * | |
| COMPANY | * | |
| | * | |

JANUARY 15, 2004

### PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION IN LIMINE TO BAR PLAINTIFF FROM REFERRING TO, OR OFFERING TESTIMONY FROM, EMPLOYEES WHO MAY CONTEND THAT STOP & SHOP DISCRIMINATED AGAINST THEM BASED ON RACE

Plaintiff, Patrick B. Bell, ("Bell"), hereby submits his opposition to defendant Stop & Shop Supermarket Company's ("Stop & Shop") motion in limine to effectively bar plaintiff from referring or offering testimony from employees who may contend that Stop & Shop discriminated against them based on race. As grounds, defendant claims (1) unfair prejudice, (2) relevance and (3) waste of judicial resources and confusion of the jury. Since the thrust of Stop & Shop's motion in limine is to prevent the testimony of three fact witnesses proposed by the plaintiff, Kevin Langley, Francis Wright and Michael Hasty, each will be addressed separately.

#### Kevin Langley

Contrary to the defendant's assertion, Kevin Langley, ("Langley"), was employed by

1

Stop & Shop on September 1, 2000, the evening that Bell was terminated. Langley is a fact witness important to the plaintiff's case. Bell will testify at trial, similar to his deposition testimony, that on September 1, 2000, he saw Langley working as a selector in the same aisle that Bell was operating his forklift. Bell will testify that because Langley was working in the aisle, Bell could not proceed and he stopped his forklift. At his deposition, Bell identified Langley as one of the two selectors working in the aisle on September 1, 2000:

> Q: Who did you communicate with?
>
> 1: Kenny Collins.
>
> Q: Kenny Collins. He was in the aisle selecting when you were driving down?
>
> A: Yes.
>
> Q: Who else?
>
> A: I'm thinking his name was Kevin Langley.
>
> Bell dep. at 140, **attached as Exhibit A.**

Therefore, Kevin Langley is an important fact witness for the plaintiff who has personal knowledge of the events leading to Bell's termination. Federal Rules of Evidence 403 does not offer protection against evidence that is merely prejudicial, in the sense of being detrimental to a party's case. Rather, the rule only protects against evidence that is *unfairly* prejudicial. Advisory Committee Note, F.R.Evid. 403. His testimony, therefore, would not be unfairly prejudicial to the defendant and therefore is admissible.

## FRANCES WRIGHT

Defendant urges this Court to adopt an erroneous evidentiary benchmark which would prevent the testimony of any of plaintiff's witnesses who were not employed on

2

September 1, 2000. Further, defendant incorrectly claims that she was not "similarly situated" to Bell and that, therefore, her testimony is irrelevant.

Defendant misconstrues the term "similarly situated" in its attempt to bar Ms. Wright's testimony.

A plaintiff may raise an inference of discrimination by showing that the employer subjected him to disparate treatment, that is, treated him less favorably than a similarly situated employee outside his protected group. *See, International Brotherhood of Teamsters v. United States*, 431 U.S. 324, 335, n. 15, 97 S.Ct. 1843, 52 L.Ed.2d 396 (1977); *Norville v. Staten Island Univ. Hosp.*, 196 F.3d 89, 95 (2d Cir. 1999)(inference of discrimination arises when individual of one race treated less favorably than those of another race who are similarly situated)

Further, whether two employees are similarly situated ordinarily presents a question of fact for the jury. *See, Taylor v. Brentwood Union Free School District*, 143 F.3d 679, 684 (2d Cir. 1998)(explaining that jury was asked to decide whether the plaintiff was treated differently from similarly situated white employees), *cert. denied*, 525 U.S. 1139, 119 S.Ct. 1027, 143 L.Ed.2d 37 (1999); *Hargett v. National Westminster Bank, USA*, 78 F.3d 836, 839-40 (2d Cir. 1996)(noting that jury was asked to decide "similarly situated" issue).

Finally, in this action, Bell has never claimed that he was treated less favorably than Francis Wright. Indeed, if he had, that claim would have been dismissed: Ms. Wright is also an African-American. Therefore, the Court should also deny defendant's motion in limine as to the testimony of Francis Wright.

3

### Michael Hasty

The rules of evidence allow a lay witness to testify in the form of an opinion, provided such testimony "is limited to those opinions or inferences which are (a) rationally based on the perception of the witness and (b) helpful to a clear understanding of the witness's testimony or the determinations of a fact in issue." Fed.R.Evid. 701. In *Lightfoot v. Union Carbide Corp.*, 110 F.3d 898, 911 (2d Cir. 1997), the Second Circuit held that Rule 701 allowed a former employee to opine at trial that age played a factor in the plaintiff's termination. The Court concluded that the lay opinion was admissible because the witness had acquired "personal knowledge of the facts that formed the basis of his opinion" and that "the district court commendably sought to ensure that [the witness's] testimony focused on those objective facts." *Id.*

In the absence of Mr. Hasty's testimony rationally based upon facts within his personal knowledge and perception, defendant has impermissibly employed a motion in limine in lieu of an evidentiary objection at trial in its attempt to bar Mr. Hasty's proposed testimony. Defendant simply has not established a proper evidentiary exclusion for Mr. Hasty's proposed testimony and the Court should deny its motion on this basis.

4

Therefore, because the defendant has failed to provide an adequate evidentiary basis for the exclusion of the testimony of Mr. Langley, Ms. Wright and Mr. Hasty, the defendant's motion in limine should be denied.

Respectfully submitted,

PLAINTIFF, PATRICK B. BELL

By: _____
Morris J. Busca (ct20200)
Gesmonde, Pietrosimone & Sgrignari L.L.C.
3127 Whitney Avenue
Hamden, CT 06518-2344
(203) 407-4200

## CERTIFICATION

This is to certify that a copy of the foregoing Plaintiff's Opposition to Defendant's Motion In Limine to Bar Plaintiff from Referring to, or Offering Testimony From, Employees Who May Contend That Stop & Shop Discriminated Against Them Based on Race_ was sent via facsimile and first class mail, postage prepaid, this 15th day of January, 2004, to Lynn A. Kappelman, Esq., Seyfarth Shaw, Two Seaport Lane, Suite 300, Boston, Massachusetts 02210-2028.

_____
Morris J. Busca

5