UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **PATRICK B. BELL** | * | **CIVIL ACTION NO.** |
| | * | |
| v. | * | **3:01CV1961 (EBB)** |
| | * | |
| **STOP & SHOP SUPERMARKET COMPANY** | * * * | |

**JANUARY 16, 2004**

### PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION IN LIMINE TO PRECLUDE PLAINTIFF FROM SEEKING COMPENSATORY AND PUNITIVE DAMAGES

Plaintiff, Patrick B. Bell, ("Bell"), hereby submits his opposition to defendant Stop & Shop Supermarket Company's, ("Stop & Shop"), motion in limine to preclude plaintiff from seeking compensatory and punitive damages. Because both compensatory damages and punitive damages are recoverable under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, ("Title VII"), the defendant's motion should be denied.

**Compensatory Damages**

Compensatory damages are awarded to compensate a complaining party for losses or suffering inflicted due to the discriminatory act or conduct. *See, Carey v. Piphus*, 435 U.S. 247, 254 (1978). Compensatory damages include damages for past pecuniary loss (out-of-pocket loss), future pecuniary loss, and nonpecuniary loss (emotional harm). *Enforcement Guidance: Compensatory and Punitive Damages Available under §102 of the Civil Rights Act of 1991, U.S. Equal Employment Opportunity Commission, Section I A, p. 4.*

1

It is well settled that the plaintiff's testimony, alone, may support an award for emotional distress. *See, Williams v. Trader Pub. Co.*, 218 F.3d 481 (5th Cir. 2000) (Court holds in Title VII sex discrimination action alleging wrongful termination, that the plaintiff's testimony, alone, is sufficient to support an award of $100,000 for emotional distress.); *Moore v. KUKA Welding Systems & Robot Corp.*, 171 F.3d 1073 (6th Cir. 1999) (Employee's testimony sufficient to support award of $50,000.); *Lampley v. Onyx Acceptance Corp.*, 340 F.3d 478 (7th Cir. 2003) (Court holds that in Title VII action alleging race discrimination and retaliation, there is sufficient evidence to support award of up to $75,000 in compensatory damages based on the testimony of plaintiff and his wife as to the emotional distress suffered.); *Kim v. Nash Finch Co.*, 123 F.3d 1046 (8th Cir. 1997) (Evidence of employee, spouse and son is sufficient to support award of $100,000 for emotional distress.);

There is no requirement that there be proof of medical evidence under Title VII. *Dodoo v. Seagate Technology, Inc.*, 234 F.3d 1219 (10th Cir. 2000) (Court upholds an award of $125,000 in emotional distress damages in ADEA and Title VII action without any medical proof.); *Turic v. Holland Hospitality, Inc.*, 85 F.3d 1211, 1215 (6th Cir. 1996); *Blackburn v. Martin*, 982 F.2d 125, 132 (4th Cir. 1992) (Testimony of plaintiff, wife and father used to establish emotional distress).

**Punitive Damages**

It is equally well established that Title VII allows for an award of punitive damages to a prevailing plaintiff. "Title VII provides that a plaintiff may recover punitive damages where the plaintiff demonstrates that the defendant 'engaged in a discriminatory practice ... with malice or with reckless indifference to the federally protected rights of an aggrieved individual.'" *Cush-*

2

*Crawford v. Adchem Corp.*, 271 F.3d 352, 356 (2d Cir. 2001), *citing, 42 U.S.C. §1981 a(b)(1)* (In Title VII case, the Court held that an award of compensatory or nominal damages is not a prerequisite to an award of punitive damages. *Id. at 359); See, also, Hawkins v. 1115 Legal Service Care,* 163 F.3d 684 (2d Cir. 1998) (In Title VII action, after jury awarded $125,000 in back pay, $250,000 in compensatory damages and $1,000,000 in punitive damages, district court reduced the award of compensatory damages and punitive damages to $50,000 because of Title VII's statutory cap but refused to reduce back pay award.); *Kim v. Nash Finch Co.,* 123 F.3d 1046 (8th Cir. 1997) (Punitive damages are available under 42 U.S.C. §1981 to the same extent that they are available under Title VII).

Therefore, the defendant's motion in limine precluding plaintiff from seeking compensatory and punitive damages should be denied.

Respectfully submitted,

PLAINTIFF, PATRICK B. BELL

By: _____
Morris J. Busca (ct20200)
Gesmonde, Pietrosimone & Sgrignari L.L.C.
3127 Whitney Avenue
Hamden, CT 06518-2344
(203) 407-4200

3

## CERTIFICATION

This is to certify that a copy of the foregoing Plaintiff's Opposition to Defendant's Motion In Limine to Preclude Plaintiff from Seeking Compensatory and Punitive Damages was sent via facsimile and first class mail, postage prepaid, this 16th day of January, 2004, to Lynn A. Kappelman, Esq., Seyfarth Shaw, Two Seaport Lane, Suite 300, Boston, Massachusetts 02210-2028.

_____
Morris J. Busca

4