UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **PATRICK B. BELL** | * | **CIVIL ACTION NO.** |
| | * | |
| v. | * | **3:01CV1961 (EBB)** |
| | * | |
| **STOP & SHOP SUPERMARKET** | * | |
| **COMPANY** | * | |
| | * | |

JANUARY 16, 2004

### PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION IN LIMINE TO EXCLUDE FRONT PAY DAMAGES

Plaintiff, Patrick B. Bell, ("Bell"), hereby submits his opposition to defendant Stop & Shop Supermarket Company's, ("Stop & Shop"), motion in limine to exclude front pay. Stop & Shop's motion is inappropriate and premature.

Front pay is an equitable remedy for the court to decide in a Title VII action after the jury has rendered a verdict in favor of the plaintiff. *See, Smith v. Diffee Ford-Lincoln-Mercury, Inc.*, 298 F.3d 955 (10th Cir. 2002) (Front pay is an equitable issue to be decided by the judge. However, in making its determination, the district court is bound by the factual findings of the jury and the district court in this case ignored those findings.); *McCue v. State of Kan., Dept. of Human Resources*, 165 F.3d 784 (10th Cir. 1999) (Front pay is equitable remedy to be considered by the judge, not the jury.); *EEOC v. W & O Inc.*, 213 F.3d 600 (11th Cir. 2000) (Court holds in Title VII pregnancy discrimination action that front pay is an equitable remedy determined by the trial court and the trial court erred by awarding front pay without explaining why reinstatement was not feasible.).

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ARTHUR ESTANISLAU, | : | CIVIL ACTION NO. |
| | : | 3:02CV1515 (PCD) |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| MANCHESTER DEVELOPERS, LLC, | : | |
| | : | |
| Defendant. | : | JANUARY 16, 2004 |

### REVISED JOINT MOTION FOR EXTENSION OF TIME

Pursuant to Local Rule 7(b) of the Federal Rules of Civil Procedure, the parties request an enlargement of time to serve Sections A, B and C of the Trial Preparation Order as follows: Section A – from February 3, 2004 to March 16, 2004; Section B – from February 17, 2004 to March 31, 2004; and Section C from March 2, 2004 to April 14, 2004. The reason for this request is that the parties will require additional time to prepare their respective sections due to the press of business of both parties' counsel. Plaintiff's counsel has been contacted and joins in this motion for extension of time.

This is the parties' first request for an enlargement of time regarding this deadline. The case is not assigned for trial.

Done at Bridgeport, Connecticut this 16th day of January, 2004.

*Pamela Coyne* (signature)
Pamela J. Coyne
DURANT, NICHOLS, HOUSTON,
HODGSON & CORTESE-COSTA, P.C.
1057 Broad Street
Bridgeport, CT 06604
(203)366-3438
Federal Bar No. ct22941
ATTORNEYS FOR DEFENDANT

### CERTIFICATION

This is to certify that I have caused to be served the foregoing via U.S. Mail, certified mail, return receipt requested, this 16th day of January, 2004 to all counsel and pro se parties as follows: