UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **PATRICK B. BELL** | * | **CIVIL ACTION NO.** |
| | * | |
| **v.** | * | **3:01CV1961 (EBB)** |
| | * | |
| **STOP & SHOP SUPERMARKET** | * | |
| **COMPANY** | * | |
| | * | **JANUARY 15, 2004** |

## PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION IN LIMINE TO BAR PLAINTIFF FROM REFERRING TO OR OFFERING TESTIMONY FROM, EMPLOYEES WHO ARE NOT SIMILARLY SITUATED TO PLAINTIFF

Plaintiff, Patrick B. Bell, ("Bell"), hereby submits his opposition to defendant Stop & Shop Supermarket Company's, ("Stop & Shop"), motion in limine to bar plaintiff from referring to or offering testimony from, employees who are not similarly situated to plaintiff. Because all of the proposed employee and former employee witnesses are similarly situated to the plaintiff with respect to Stop & Shop's personnel policy prohibiting "stealing time," which also encompasses sleeping, the defendant's motion in limine should be denied.

### "Stealing Time"

Bell was discriminatorily terminated on September 1, 2000, for allegedly sleeping on the job, which is considered "stealing time," according to Stop & Shop's rules. Pursuant to Stop & Shop Grocery Distribution Shop Rules, the offense of sleeping on the job may lead to immediate suspension or discharge. **See attached Exhibit A, Section 8D.** "Dishonesty (including stealing

1

time)" is also included as an offense which could merit suspension or discharge. **Id., Section 8H.**

Supervisor Curt Miller, one of the two supervisors involved in the incidents leading to Bell's termination, testified that "stealing time" encompassed, (1) anytime an employee is suppose to be working and getting paid and the employee is not working, (2) sleeping on the job, (3) leaving a work area before the end of a shift, (4) an employee spending excessive time out of his work area. **See attached Exhibit B, Deposition of Curt Miller, January 8, 2003, p. 22-23.**

Further, Edward Ruddy, Stop & Shop's Director of Distribution, submitted an affidavit in support of Stop & Shop's Motion for Summary Judgment, the first of its two such motions, whereby he stated that, "It is Stop & Shop's practice to discharge each and every employee who steals time - regardless of that employee's race. This practice is strictly enforced." **See attached Exhibit C, Ruddy affidavit, January 28, 2003, (emphasis added).**

### "Similarly Situated Employees for Title VII Purposes"

Since all Stop & Shop employees are similarly obligated to observe the same personnel or shop rules regarding "stealing time," Bell is "similarly situated" to other employees outside his protected category and entitled to offer evidence to show whether he was treated disparately with regard to the enforcement of the policy against "stealing time."

"Whether two employees are similarly situated ordinarily presents a question of fact for the jury." *Graham v. Long Island Rail Road,* 230 F.3d 34, 39 (2d Cir. 2000) (emphasis added), citing, *Taylor v. Brentwood Union Free Sch. Dist.,* 143 F.3d 679, 684 (2d Cir. 1998)(explaining that jury was asked to decide whether the plaintiff was treated differently from similarly situated

2

white employees), *cert. denied,* 525 U.S. 1139, 119 S.Ct. 1027, 143 L.Ed.2d 37 (1999); *Hargett v. National Westminster Bank, USA,* 78 F.3d 836, 839-40 (2d Cir. 1996)(noting that jury was asked to decide "similarly situated" issue); *cf. Tomka v. Seiler Corp.,* 66 F.3d 1295, 1312 n.11 (2d Cir. 1995)(whether two positions are "substantially equal" for Equal Pay Act claim is a question of fact).

The Second Circuit has established that for a plaintiff to be "similarly situated" to the individuals with whom she seeks to compare herself, "...a plaintiff must show that her co-employees were subject to the same performance evaluation and discipline standards. " *Graham v. Long Island Rail Road,* 230 F.3d 34, 40 (2d Cir. 2000), *citing, Norville v. Staten Island Univ. Hosp.,* 196 F.3d 89, 96 (2d Cir. 1999).

Most importantly, the *Grahm* Court also stated "[t]hat an employees' conduct need not be identical to that of another for the two to be similarly situated is also reflected in the language of *McDonnell Douglas,* where the Supreme Court used the phrase "comparable seriousness" to identify conduct that might help to support an inference of discrimination." *Graham v. Long Island Rail Road,* 230 F.3d at 40, *citing,* 411 U.S. 273, 283 n.11, 96 S.Ct. 2574, 49 L.Ed.2d 493 (1976) ("precise equivalence in culpability between employees is not the ultimate question"); *Ricks v. Riverwood Int'l Corp.,* 38 F.3d 1016, 1019 (8th Cir. 1994) (employing comparable seriousness standard); *McAlester v. United Air Lines, Inc.,* 851 f.2d 1249, 1261 (10th Cir. 1988) (stating that in disparate treatment case the fact that other employees did not commit the exact same offense as the plaintiff does not prohibit consideration of their testimony as long as their acts were of comparable seriousness).

3

Clearly, Bell is entitled to offer evidence of disparate treatment with regard to Stop & Shop's proffered non-discriminatory reason for Bell's termination, i.e., whether Stop & Shop strictly enforced its policy prohibiting stealing time, including sleeping on the job, with termination, regardless of race.

### Thomas Rascati

The proposed relevant evidence that the defendant seeks to exclude, Thomas Racati's discipline for stealing time, is also admissible under the standards established above as an employee similarly situated to the plaintiff.

For example, on August 28, 1990, Mr. Rascati, a Caucasian, received a warning for stealing time, i.e., leaving his work area before the end of his shift. **See attached Exhibit D, Rascati warning, 8-28-90.** On January 28, 1993, Mr. Rascati was allowed to continue working pending a hearing on his unauthorized absence from the building on January 26, 1993. **See attached Exhibit E, Rascati warning, 1-28-93.** As a result of that hearing, Mr. Rascati received a suspension of three days for such unauthorized absence. **See attached Exhibit F, Rascati, 2-8-93.**

### Arthur Mongillo

Stop & Shop's treatment of other similarly situated employees outside the protected class who were disciplined less severely than the plaintiff for more egregious violations is also probative of the plaintiff's disparate treatment and retaliation claims. The defendant's motion in limine identifies Arthur Mongillo as another example of evidence it impermissibly seeks to bar in this case.

4

**Attached Exhibit G, Mongillo suspension, 12-8-94**, represents the defendant's treatment of a similarly situated Caucasian employee, Arthur Mongillo, who had committed a more egregious misconduct than stealing time/sleeping on the: <u>drinking alcohol on Company property.</u> However, Mr. Mongillo's initial termination for that serious offense, which implicates important safety considerations, was <u>converted to a five-week suspension</u> on December 8, 1994. **Attached Exhibit G, Mongillo suspension, 12-8-94.** *See, Lynn v. Deaconess Medical Center-West Campus,* 160 F.3d 484, 488 (8th Cir. 1998) (employee produced sufficient evidence to survive summary judgment based on evidence that hospital disciplined similarly situated female nurse less severely than employee was disciplined for conduct that was more egregious than his).

Therefore, evidence of employees outside of the protected class who were similarly situated with respect to the same disciplinary standards as the plaintiff and who were disciplined less severely for more serious offenses, such as drinking alcohol on company property, is admissible and probative of Bell's disparate treatment claims.

Finally, in support of its motion in limine, defendant's reliance upon *Haskell v. Kaman Corporation,* 743 F.2d 113 (2d Cir. 1984) is misplaced. That case involved a claim under the Age Discrimination in Employment Act, not Title VII. Further, unlike the plaintiff in that case, Bell does not seek to offer "pattern and practice" testimony from discharged employees who seek to give "subjective evaluations of their own and of their fellow officers' performance without furnishing the bases for their foundations." *Id.* at 121. Bell's disparate treatment claim rests upon documentary evidence of the defendant's personnel records of Bell's co-employees who were disciplined for stealing time.

5

Therefore, for all the foregoing reasons, the defendant's motion in limine to bar plaintiff from referring to or offering testimony from, employees who are not similarly situated to plaintiff should be denied.

Respectfully submitted,

PLAINTIFF, PATRICK B. BELL

By: _____
Morris J. Busca (ct 20200)
Gesmonde, Pietrosimone & Sgrignari L.L.C.
3127 Whitney Avenue
Hamden, CT 06518-2344
(203) 407-4200

## CERTIFICATION

This is to certify that a copy of the foregoing Plaintiff's Opposition to Defendant's Motion In Limine to Bar Plaintiff from Referring to, or Offering Testimony From, Employees Who Are Not Similarly Situated to Plaintiff, was sent via facsimile and first class mail, postage prepaid, this 15th day of January, 2004, to Lynn A. Kappelman, Esq., Seyfarth Shaw, Two Seaport Lane, Suite 300, Boston, Massachusetts 02210-2028.

_____
Morris J. Busca

6